UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| CYNTHIA NEUHARTH and DUANE LINDENBACH, Individually and on Behalf of All Others Similarly Situated, <br><br>　　　　　Plaintiff, <br><br>　vs. <br><br>LIFE LINE BILLING SYSTEMS, LLC, d/b/a LIFEQUEST SERVICES, <br><br>　　　　　Defendant. | Case No.: 16-cv-1123 <br><br>**CLASS ACTION COMPLAINT** <br><br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.　This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA"), and the Wisconsin Consumer Act, Chapters 421-427, Wisconsin Statutes (the "WCA").

## JURISDICTION AND VENUE

2.　The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337 and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3.　Plaintiff Cynthia Neuharth is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4.　Plaintiff Duane Lindenbach is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

5. Each Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect debts allegedly incurred for personal, family or household purposes from each Plaintiff.

6. Each Plaintiff is also a "customer" as defined in the Wisconsin Consumer Act, Wis. Stat. § 421.301(17), in that he/she engaged in a consumer transaction.

7. Defendant Life Line Billing Systems, LLC ("LifeQuest") is a Delaware limited liability company with its principal place of business located at N2930 State Road 22, Wautoma, WI 54982. It does business under the fictitious or trade name "LifeQuest Services."

8. LifeQuest is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. Specifically, LifeQuest contracts with municipal emergency medical services divisions to collect bills incurred for ambulance services.

10. LifeQuest is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. LifeQuest is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

## FACTS

### *Neuharth letters*

11. Plaintiff Neuharth's husband, Thomas Neuharth, allegedly entered into a consumer transaction with "CITY OF S MILWAUKEE FIRE DEPT" ON January 27, 2016, for ambulance transportation and associated medical services.

12. Specifically, the charges were incurred when South Milwaukee EMS (a division of the fire department) was called to assist Mr. Neuharth. Mr. Neuharth has since passed away and his widow is the next of kin.

13. On or about March 2, 2016, Plaintiff received a bill ostensibly from "CITY OF S MILWAUKEE FIRE DEPT" ("SMFD") regarding an alleged debt, allegedly owed to SMFD. A copy of the letter is attached to this complaint as Exhibit A.

14. Exhibit A is a bill for a call for ambulance services provided to Thomas Neuharth by SMFD on January 27, 2016.

15. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

16. Upon information and belief and the investigation of counsel, Lifequest mailed Exhibit A to Plaintiff. Exhibit A includes Lifequest's address in Wautoma, Wisconsin.

17. On or about March 25, 2016, Plaintiff received a bill ostensibly from SMFD, regarding another alleged debt. A copy of the letter is attached to this complaint as Exhibit B.

18. Upon information and belief, Exhibit B is a bill for a call for ambulance services provided to Thomas Neuharth by SMFD on November 7, 2015.

19. Upon information and belief, Exhibit B is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

20. Upon information and belief and the investigation of counsel, Lifequest mailed Exhibit B to Plaintiff. Exhibit B includes Lifequest's address in Wautoma, Wisconsin.

21. Neither Exhibit A nor Exhibit B include the names "Lifequest" or "Life Line."

22. On or about April 24, 2016, Plaintiff received a bill from Lifequest regarding the same alleged SMFD debt referenced in Exhibit A. A copy of the letter is attached to this complaint as Exhibit C.

23. Exhibit C states that the sender is "LifeQuest Services."

24. Exhibit C also purports to be a debt collection letter.

25. Exhibit C states:

> Your past due balance with CITY OF S MILWAUKEE FIRE DEPT for the amount indicated above has been turned over to our office for collection. Please contact our office at 1 877-663-3729, ext. 500 to make payment arrangements.

26. Exhibit C also contains both the validation notice required by 15 U.S.C. § 1692g(a) and the notice required by 15 U.S.C. § 1692e(11):

> **IMPORTANT CONSUMER NOTICE**
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> ...
>
> This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.

27. On or about April 24, 2016, Plaintiff received a bill from Lifequest regarding the same alleged SMFD debt referenced in Exhibit B. A copy of the letter is attached to this complaint as Exhibit D.

28. Exhibit D is virtually identical to Exhibit C, except for the date of the ambulance services. Like Exhibit C, Exhibit D appears to be a debt collection letter.

29. Even if LifeQuest was billing for SMFD before the debt was in default, LifeQuest is a debt collector as a matter of law with respect to Exhibits A-D, regardless of which name it was using. 15 U.S.C. § 1692a(6) ("the term [debt collector] includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts."); *Catencamp v. Cendant Timeshare Resort Group -- Consumer Finance, Inc.*, 471 F.3d 780, 782 (7th Cir. 2006).

30. Upon receiving Exhibits C and D, the unsophisticated consumer would believe that the debt had been transferred to a third party collection agency.

4

31. In fact, LifeQuest created and mailed bills, including Exhibits A and B, in the name of SMFD.

32. The purpose of using SMFD's name on letters formatted as "bills" and then using LifeQuest's name on subsequent communications formatted as "debt collection letters" is to deceive consumers into believing that a new debt collection agency is collecting the account when the status of the debt has not actually changed. Consumers are more concerned and upset by contacts from debt collectors than from original creditors or their billing services.

33. Plaintiff Neuharth was confused by Exhibits A-D.

34. Neuharth had to spend time and money investigating Exhibits A-D, and the consequences of any potential responses to Exhibits A-D.

35. The FDCPA presumes that violations cause injury to consumers, and that such injuries are concrete and particularized but difficult to quantify. For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

36. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

37. Exhibit C also states:



38. Likewise, Exhibit D also states:



39. Exhibits C and D threaten to collect "Interest."

40. Upon information and belief, Exhibits C and D falsely state or imply that LifeQuest has a right to collect interest on consumers' alleged debts.

41. Further, upon information and belief, neither Defendant nor SMFD has any legal basis to add interest to the Plaintiff's and Class Members' alleged debts.

42. Although the amount of "Interest" in Exhibits C and D is $0.00, the unsophisticated consumer would believe that the letter implies that interest could be added to the debt in the future. *See, eg. Tylke v. Diversified Adjustment Serv.*, No. 14-cv-748; 2014 U.S. Dist.

6

LEXIS 153281, *7 (E.D. Wis. Oct. 28, 2014) ("the inclusion of a collection fee, even one showing a balance of zero, could imply the future possibility of one.").

43. Upon information and belief, Exhibits C and D are threatening to collect prejudgment interest, despite the fact that no legal action has been initiated against the consumer.

44. A debt collector cannot collect prejudgment interest when that interest has not been awarded by a court or agreed to by contract. *Paige v. Waukesha Health Sys.*, No. 12-cv-601-CNC; 2013 U.S. Dist. LEXIS 96962, *18-20 ("Wisconsin cases suggest, as the Paiges argue, that absent a contractual agreement prejudgment interest cannot be automatically added by a creditor but instead must await a court judgment;"), *citing Estreen v. Bluhm*, 79 Wis. 2d 142, 156, 255 N.W.2d 473, 482 (1977); *Erickson by Wightman v. Gundersen*, 183 Wis. 2d 106, 123, n.8, 515 N.W.2d 293, 301, n.8 (Ct. App. 1994); *Beacon Bowl, Inc. v. Wis. Elec. Power Co.*, 176 Wis. 2d 740, 776-77, 501 N.W.2d 788, 802-03 (1993); *see also Veach v. Sheeks*, 316 F.3d 690, 692 (7th Cir. 2003); *contra Trease v. Tri-State Adjustments, Inc.*, 934 F. Supp. 2d 1016 (E.D. Wis. 2013).

45. The alleged debts in Exhibits C and D have not been reduced to judgment, and Neuharth has never been sued to collect this alleged debt.

46. Neither Plaintiff Neuharth nor her deceased husband ever agreed to any contract specifying a contractual amount or rate of interest, with SMFD or Defendant.

### *Lindenbach letters*

47. Plaintiff Lindenbach allegedly entered into a consumer transaction with "CITY OF WEST ALLIS FIRE DEPT" for ambulance transportation and associated medical services.

48. On or about December 4, 2015, LifeQuest mailed a debt collection letter to Lindenbach regarding an alleged debt, allegedly owed to "CITY OF WEST ALLIS FIRE DEPT." A copy of the letter is attached to this complaint as Exhibit E.

7

49. Upon information and belief, <u>Exhibit E</u> is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

50. <u>Exhibit E</u> states the following:



51. <u>Exhibit E</u> also states:

Some states allow for Tax Refund Intercept of your state taxes for repayment of delinquent bills to Municipalities. CITY OF WEST ALLIS FIRE DEPT has elected to use your State's Tax Refund Intercept Program to recover your unpaid balance. Your state tax return may be affected.

Our intention is to work with you to avoid this from occurring. Contact our office today at the numbers listed above.

52. LifeQuest's threat to collect the debt through tax intercept was false.

53. Lindenbach filed a Wisconsin Homestead Credit Claim for 2015 with the Wisconsin Department of Revenue on or around February 1, 2016.

54. Lindenbach received his homestead credit in full about one week later. None of the credit was intercepted.

55. Upon information and belief, LifeQuest had no intention of a tax offset against Plaintiff. LifeQuest mailed <u>Exhibit E</u> to Lindenbach in December 2015. Tax filing season for individuals is generally between the end of January and the tax filing deadline, usually April 15.

Despite knowing that the tax filing season was approaching, LifeQuest and its client did not get an intercept in place after sending Exhibit E to Plaintiff.

56. Upon information and belief, it is common practice in the debt collection industry for letters containing references to tax intercepts to be sent to consumers during the period when most consumers are preparing and filing tax returns. The threats are intended to scare consumers into making payments to avoid tax refund intercepts.

57. Exhibit E also threatens to collect "Interest."

58. Upon information and belief, Exhibit E falsely states or implies that LifeQuest has a right to collect interest on consumers' alleged debts.

59. Further, upon information and belief, neither Defendant nor "City of West Allis Fire Dept" has any legal basis to add interest to the Plaintiff's and Class Members' alleged debts.

60. Although the amount of "Interest" in Exhibit E is $0.00, the unsophisticated consumer would believe that the letter implies that interest could be added to the debt in the future. *See, eg. Tylke v. Diversified Adjustment Serv.*, No. 14-cv-748; 2014 U.S. Dist. LEXIS 153281, *7 (E.D. Wis. Oct. 28, 2014) ("the inclusion of a collection fee, even one showing a balance of zero, could imply the future possibility of one.").

61. Upon information and belief, Exhibit E is threatening to collect prejudgment interest, despite the fact that no legal action has been initiated against the consumer.

62. A debt collector cannot collect prejudgment interest when that interest has not been awarded by a court or agreed to by contract. *Paige v. Waukesha Health Sys.*, No. 12-cv-601-CNC; 2013 U.S. Dist. LEXIS 96962, *18-20 ("Wisconsin cases suggest, as the Paiges argue, that absent a contractual agreement prejudgment interest cannot be automatically added by a creditor but instead must await a court judgment;"), *citing Estreen v. Bluhm*, 79 Wis. 2d 142, 156, 255

N.W.2d 473, 482 (1977); *Erickson by Wightman v. Gundersen*, 183 Wis. 2d 106, 123, n.8, 515 N.W.2d 293, 301, n.8 (Ct. App. 1994); *Beacon Bowl, Inc. v. Wis. Elec. Power Co.*, 176 Wis. 2d 740, 776-77, 501 N.W.2d 788, 802-03 (1993); *see also Veach v. Sheeks*, 316 F.3d 690, 692 (7th Cir. 2003); *contra Trease v. Tri-State Adjustments, Inc.*, 934 F. Supp. 2d 1016 (E.D. Wis. 2013).

63. The alleged debt in Exhibit E has not been reduced to judgment, and Lindenbach has never been sued to collect this alleged debt.

64. Lindenbach has never agreed to any contract specifying a contractual amount or rate of interest, with the City of West Allis Fire Department or Defendant.

### *The FDCPA and WCA*

65. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

66. 15 U.S.C. § 1692e(2) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt, or the "false representation of…compensation which may be lawfully received by any debt collector for the collection" of an alleged debt.

67. 15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

68. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

69. 15 U.S.C. § 1692f generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

70. 15 U.S.C. § 1692f(1) specifically prohibits the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

71. Wis. Stat. § 427.104(1)(j) specifically prohibits a debt collector from "[c]laim[ing], or attempt[ing] or threaten[ing] to enforce a right with knowledge or reason to know that the right does not exist."

72. Wis. Stat. § 427.104(1)(L) also specifically prohibits a debt collector from "[t]hreaten[ing] action against the customer unless like action is taken in regular course or is intended with respect to the particular debt."

## COUNT I -- FDCPA

73. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

74. Count I is brought on behalf of Plaintiff Neuharth.

75. LifeQuest's use of SMFD's name to send bills, prior to sending debt collection letters under LifeQuest's own name, was confusing and misleading to the unsophisticated consumer.

76. The unsophisticated consumer would believe that a new collection agency was collecting the consumer's account.

77. In fact, LifeQuest was still collecting the debt.

78. LifeQuest violated 15 U.S.C. §§ 1692e, 1692e(2)(a) and 1692e(10).

## COUNT II -- FDCPA

79. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

11

80. Count Ii is brought on behalf of Plaintiff Lindenbach.

81. LifeQuest falsely stated that Plaintiff's debt would be collected through the State Tax Refund Intercept Program.

82. In fact, none of Plaintiff's homestead credit refund was intercepted, despite Plaintiff's filing for the credit two months after the date printed on Exhibit E.

83. LifeQuest violated 15 U.S.C. §§ 1692e and 1692e(10).

### COUNT III – FDCPA

84. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

85. Count III is brought on behalf of both Plaintiffs.

86. The inclusion of "Interest" in Exhibits C, D and E is a false, deceptive, and/or misleading representation to the unsophisticated consumer recipient. LifeQuest has no legal basis for collecting interest on Plaintiffs' alleged debts.

87. The unsophisticated consumer would believe, or at a minimum would be confused, whether he may owe interest in the future for the alleged debt. There is no legitimate reason for the "Interest" field to be on the letter other than to make the consumer believe that the number will increase.

88. Exhibits C, D and E also falsely represent that Defendant is lawfully entitled to collect interest.

89. In fact, LifeQuest is not entitled to add prejudgment interest to the alleged debt because no legal action has been initiated against the consumer and the alleged agreement between Plaintiff and the alleged creditor did not include a liquidated damages provision.

90. <u>Exhibits C, D and E</u> create a false impression as to its authorization or approval for collecting interest.

91. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10).

## COUNT IV – WCA

92. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

93. <u>Exhibits C, D and E</u> claim, attempt, or threaten to enforce a right to interest, even though Defendant knew, or should have had reason to know, that no such right existed at the time the letter was sent.

94. Defendant violated Wis. Stat. §§ 427.104(1)(j) and 427.104(1)(L).

## CLASS ALLEGATIONS

95. Plaintiffs bring this action on behalf of three classes.

96. Class 1 is defined as (a) all natural persons in the State of Wisconsin (b) who were sent a communication in the form of <u>Exhibit A or B</u> to the complaint in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) and who were subsequently sent a collection letter in the form of <u>Exhibit C or D</u> to the complaint in this action, (e) on or after August 22, 2015, (f) that was not returned by the postal service.

97. Class 2 is defined as (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter, (c) seeking to collect a debt for personal, family or household purposes, (d) which threatens to include interest on the original debt, (e) and when the original debt had not been reduced to judgment, (f) on or after August 22, 2015, (g) that was not returned by the postal service.

98. Class 3 is defined as (a) all natural persons in the State of Wisconsin (b) who were sent a communication in the form of Exhibit E to the complaint in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) and whose next tax refund or homestead credit refund were not intercepted, (e) on or after August 22, 2015, (f) that was not returned by the postal service.

99. Each Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of each Class.

100. There are questions of law and fact common to the members of each class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibits A-D violate the FDCPA and/or the WCA.

101. Plaintiffs' claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

102. Plaintiffs will fairly and adequately represent the interests of the Class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

103. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

104. Plaintiffs hereby demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests that the Court enter judgment in favor of Plaintiffs and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: August 22, 2016

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com